**COMPLAINT FOR REFUND OF FEDERAL INCOME TAXES**

*(Net Operating Loss Carryback)*
(28 U.S.C. § 1346(a)(1))

**Elizabeth Carter**
3808 Mountain View Dr
Boise, Idaho 83704

Plaintiff, Pro Se

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

**ELIZABETH CARTER,**
Plaintiff,

v. Civil Action No. *1:26-cv-00045-BLW*

**UNITED STATES OF AMERICA,**
Defendant.

**COMPLAINT FOR REFUND OF FEDERAL INCOME TAXES**

*(Net Operating Loss Carryback)*

### I. JURISDICTION AND VENUE

1.  This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1346(a)(1), which grants district courts jurisdiction over civil actions for the recovery of internal revenue taxes alleged to have been erroneously or illegally assessed or collected.

2.  Plaintiff has fully paid the federal income tax assessed for the tax year at issue.

3.  Plaintiff timely filed an administrative claim for refund with the Internal Revenue Service ("IRS"), which was disallowed by the IRS.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(e), as Plaintiff resides in this District and the actions giving rise to this claim occurred here.

## II. PARTIES

5. Plaintiff Elizabeth Carter is an individual taxpayer residing in the District of Idaho.

6. Defendant United States of America acts through its agency, the Internal Revenue Service.

## III. FACTUAL ALLEGATIONS

7. Plaintiff timely filed her federal income tax return for the 2018 taxable year.

8. At the time Plaintiff filed her original 2018 return, the Internal Revenue Code did not permit a net operating loss ("NOL") carryback for losses arising in that year.

9. In March 2020, Congress enacted the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, which retroactively restored a five-year carryback period for net operating losses arising in taxable years beginning after December 31, 2017 and before January 1, 2021.

10. As a result of the CARES Act, Plaintiff's 2018 business activities gave rise to a net operating loss eligible for carryback to prior taxable years, creating an overpayment of federal income tax.

11. In 2023, Plaintiff discovered minor income reporting errors on her 2018 return and clarified the placed-in-service date of business property placed in service during 2018.

12. These corrections, standing alone, did not generate a refund under pre-CARES Act law.

13. Plaintiff filed Form 1040-X on February 7, 2024, clearly designating her claim as a refund claim attributable to a net operating loss carryback authorized by the CARES Act.

14. Prior to submission, Plaintiff's amended return was reviewed for accuracy by an experienced certified public accountant and forensic accounting professional.

15. The IRS disallowed Plaintiff's refund claim solely on statute-of-limitations grounds under Internal Revenue Code § 6511(a), issuing a formal notice of disallowance.

16. Plaintiff sought review through IRS Appeals, which sustained the disallowance without addressing the applicability of Internal Revenue Code § 6511(d) or the special limitations period governing refund claims attributable to net operating loss carrybacks.

## IV. LEGAL CLAIM

17. Plaintiff's refund claim relates to an overpayment attributable to a net operating loss carryback.

18. Internal Revenue Code § 6511(d)(2)(A) provides a special period of limitation for claims for refund attributable to net operating loss carrybacks, in lieu of the general three-year period set forth in § 6511(a).

19. Plaintiff's claim arises from a retroactive statutory change enacted by Congress and does not arise from routine accounting changes, method changes, or depreciation elections.

20. The IRS's disallowance of Plaintiff's claim under § 6511(a), without consideration of § 6511(d), was erroneous as a matter of law.

## V. CLAIM FOR RELIEF

21. The United States has erroneously retained Plaintiff's overpayment of federal income tax attributable to a net operating loss carryback.

22. Plaintiff is entitled to a refund of the overpaid tax, together with interest as provided by law.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Enter judgment in favor of Plaintiff and against Defendant United States of America;

B. Declare that Plaintiff's refund claim attributable to a net operating loss carryback is timely under Internal Revenue Code § 6511(d);

C. Order the Internal Revenue Service to process Plaintiff's administrative refund claim and any related carryback claims arising from the same net operating loss;

D. Award Plaintiff statutory interest as provided by law;

E. Award costs of suit; and

F. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

**Elizabeth Carter**
Plaintiff, Pro Se

Date: 26th day of January, 2026