FIRST AMENDED COMPLAINT
FOR REFUND OF FEDERAL INCOME TAXES
(Net Operating Loss Carryback)
(28 U.S.C. § 1346(a)(1))

U.S. COURTS

MAR 2 6 2026

Rcvd_____Filed_____Time_____
STEPHEN W. KENYON
CLERK, DISTRICT OF IDAHO

Elizabeth Carter
3808 Mountain View Dr
Boise, Idaho 83704
Plaintiff, Pro Se

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

ELIZABETH CARTER,
Plaintiff,
v. Civil Action No. 1:26-CV-00045 BLW
UNITED STATES OF AMERICA,
Defendant.

AMENDED COMPLAINT FOR REFUND OF FEDERAL INCOME TAXES
(Net Operating Loss Carryback)

I. JURISDICTION AND VENUE
This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1346(a)(1), which grants district courts jurisdiction over civil actions for the recovery of internal revenue taxes alleged to have been erroneously or illegally assessed or collected.

Plaintiff has fully paid the federal income tax assessed for the tax year at issue.

Plaintiff timely filed an administrative claim for refund with the Internal Revenue Service ("IRS"), which was disallowed by the IRS.

Venue is proper in this District pursuant to 28 U.S.C. § 1402(a)(1), because Plaintiff resides in this District and this action seeks recovery of federal taxes paid by her.

II. PARTIES
Plaintiff Elizabeth Carter is an individual taxpayer residing in the District of Idaho.

Defendant United States of America acts through its agency, the Internal Revenue Service.

III. FACTUAL ALLEGATIONS
Plaintiff timely filed her federal income tax return for the 2018 taxable year.

At the time Plaintiff filed her original 2018 return, the Internal Revenue Code did not permit a net operating loss ("NOL") carryback for losses arising in that year.

In March 2020, Congress enacted the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, which retroactively restored a five-year carryback period for net operating losses arising in taxable years beginning after December 31, 2017 and before January 1, 2021.

As a result of the CARES Act, Plaintiff's 2018 business activities gave rise to a net operating loss eligible for carryback to prior taxable years, creating an overpayment of federal income tax.

In 2023, Plaintiff discovered minor income reporting errors on her 2018 return and clarified the placed-in-service dates of certain business property.

These corrections, standing alone, did not generate a refund under pre-CARES Act law.

Plaintiff filed Form 1040-X on February 7, 2024, clearly designating her claim as a refund claim attributable to a net operating loss carryback authorized by the CARES Act.

Prior to submission, Plaintiff's amended return was reviewed for accuracy by an experienced certified public accountant and forensic accounting professional.

The IRS disallowed Plaintiff's refund claim solely on statute-of-limitations grounds under Internal Revenue Code § 6511(a), issuing a formal notice of disallowance that failed to apply the special limitations period under Internal Revenue Code § 6511(d).

Plaintiff sought review through IRS Appeals, which sustained the disallowance without addressing the applicability of Internal Revenue Code § 6511(d) or the special limitations period governing refund claims attributable to net operating loss carrybacks.

As a result of the CARES Act, Plaintiff's 2018 business activities generated a net operating loss eligible for carryback to prior taxable years. The overpayment of federal income tax resulting from this net operating loss carryback exceeds $10,000, and represents a legitimate sum improperly retained by the United States. Plaintiff's refund claim arises under Internal Revenue Code § 6511(d), which establishes a special limitations period for claims attributable to net operating loss carrybacks. The IRS's disallowance under § 6511(a) was therefore legally erroneous, and this action seeks recognition of Plaintiff's entitlement to a refund under § 6511(d). This net operating loss carryback may apply to multiple prior taxable years, and the requested refund reflects the proper application of the CARES Act to all eligible years, not solely the 2018 tax year.

IV. LEGAL CLAIM
Plaintiff's refund claim relates to an overpayment attributable to a net operating loss carryback.

Internal Revenue Code § 6511(d)(2)(A) provides a special period of limitation for claims for refund attributable to net operating loss carrybacks, which supersedes the general three-year limitations period.

Plaintiff's claim arises from a retroactive statutory change enacted by Congress and is not based on routine accounting adjustments or method changes, but rather on the application of the CARES Act net operating loss carryback provisions.

The IRS's disallowance of Plaintiff's claim under § 6511(a), without consideration of § 6511(d), was erroneous as a matter of law.

V. CLAIM FOR RELIEF
The United States has erroneously retained Plaintiff's overpayment of federal income tax attributable to a net operating loss carryback.

Plaintiff is entitled to a refund of the overpaid tax, together with interest as provided by law.

VI. PRAYER FOR RELIEF
WHEREFORE, Plaintiff respectfully requests that the Court:

A. Enter judgment in favor of Plaintiff and against Defendant United States of America;
B. Declare that Plaintiff's refund claim attributable to a net operating loss carryback is timely under Internal Revenue Code § 6511(d);
C. Order the Internal Revenue Service to process Plaintiff's administrative refund claim and any related carryback claims arising from the same net operating loss;
D. Award Plaintiff statutory interest as provided by law;
E. Award costs of suit; and
F. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

Elizabeth Carter
Plaintiff, Pro Se
Date: March 26, 2026