BRETT A. SHUMATE
Assistant Attorney General

JOSHUA WU
Deputy Assistant Attorney General, Tax Litigation Branch

MATTHEW UHALDE
Trial Attorney, Tax Litigation Branch
U.S. Department of Justice
P.O. Box 683
Washington, DC 20044
202-353-0013
matthew.p.uhalde@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| ELIZABETH CARTER, | ) | |
| | ) | Case No. 1:26-cv-00045 |
| Plaintiff, | ) | |
| | ) | **Motion to Dismiss** |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This Court lacks jurisdiction to consider Plaintiff Elizabeth Carter's tax-refund suit, because Carter did not previously file an administrative refund claim by the statutory deadline. The Court should therefore dismiss the complaint under Rule 12(b)(1). In the alternative, the Court should dismiss under Rule 12(b)(6), because Carter has not pled sufficient facts to show why she is entitled to any tax refund.

**Background**

Because the United States moves to dismiss for lack of subject matter jurisdiction, the Court may review evidence outside the pleadings. *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). Accordingly, the United States primarily draws the following facts from IRS records.

1

From 2006 to 2021, Carter co-owned a dental practice in Idaho. *See Carter Dental, P.A. v. Carter*, 174 Idaho 131 (2024).

Her personal income tax return for 2018 was originally due by April 15, 2019. 26 U.S.C. § 6072(a). But at Carter's request, the IRS extended the filing deadline to October 15, 2019. (Ex. 1, Certified Account Transcript at 2.)[1] Carter then filed the 2018 return on May 22, 2019, reporting $137,853 in taxable income that year. (*Id*.) This came to $18,524 in income taxes owed, which Carter paid off on July 2, 2019. (*Id*.)

Thus, under 26 U.S.C. § 6511(a), any administrative refund claim for Carter's 2018 income taxes had to be submitted within the later of (a) three years after the return was filed, *i.e.*, three years after May 22, 2019, or (b) two years after the tax was paid, *i.e.*, two years after July 2, 2019. Carter therefore had to submit an administrative refund claim for 2018 by May 22, 2022, at the latest. She did not do so.

Rather, according to IRS records, and as Carter herself pleads in the amended complaint, Carter did not mail the IRS an administrative refund claim for 2018 until February 2024—over two years after the statutory deadline. (Dkt. 8 at 2.) The IRS received that refund claim on March 8, 2024. (Ex. 1 at 3.)

In this administrative refund claim, Carter sought to reduce her taxable income in 2018 from $137,853 to negative $187,602 (that is, a net operating loss). (Claxton-Garcia Decl. ¶ 4; Ex. 2, Amended Income Tax Return.)

The IRS disallowed Carter's refund claim on April 8, 2024. (Ex. 1 at 3.) Carter then filed this tax-refund suit on January 26, 2026. (Dkt. 1.) Her amended complaint alleges that the CARES Act, which Congress passed in March 2020, retroactively caused her business to generate a net operating loss in 2018. (Dkt. 8 at 2.) Carter further claims to be eligible to carry the 2018 loss back to "prior taxable years." (*Id*.)

---

[1] This certified transcript, IRS Form 4340, self-authenticates and, absent contrary evidence, proves what it says. *Hughes v. United States*, 953 F.2d 531, 535 (9th Cir. 1992).

According to IRS records, however, Carter never filed amended income tax returns for any of the five years preceding 2018. (Claxton-Garcia Decl. ¶ 5.) She was required to do so to carry back a net operating loss from 2018 to these prior years. 26 U.S.C. §§ 172(b)(1)(D)(i)(I) and 6411; *Kirsh v. United States*, 131 F. Supp. 2d 389, 391–93 (S.D.N.Y. 2000), *aff'd,* 258 F.3d 131 (2d Cir. 2001). And, under § 6511(d)(2), the amended returns for these prior years had to be filed within three years of when Carter's 2018 return was due—that is, by October 15, 2022.

**Argument**

**1. The Court lacks jurisdiction to award a tax refund for 2018, because Carter did not file a timely administrative refund claim for that year.**

No tax refund suit may be brought in district court "until a claim for refund or credit has been duly filed with the [IRS], according to the provisions of law in that regard." 26 U.S.C. § 7422(a). As a limited waiver of the United States' sovereign immunity, § 7422(a) imposes "a jurisdictional prerequisite" to suit in federal court. *Boyd v. United States*, 762 F.2d 1369, 1372 (9th Cir. 1985). Thus, "unless [an administrative] claim for refund of a tax has been filed within the time limits imposed by § 6511(a), a suit for refund . . may not be maintained in any court." *United States v. Dalm*, 494 U.S. 596, 602 (1990).

Here, Carter's administrative refund claim for tax year 2018 did not comply with § 6511(a), because she submitted it over two years after the statutory deadline. Consequently, it was not a "duly filed" claim for refund, and this Court lacks jurisdiction to entertain Carter's refund suit for the same year. *Dalm*, 494 U.S. at 602. The Court should therefore dismiss Carter's tax-refund claim for 2018 under Rule 12(b)(1).

**2. The Court also lacks jurisdiction to award a tax refund for 2013–2017, because Carter never filed amended tax returns for these years to carry back the alleged net operating loss from 2018.**

Under certain circumstances, taxpayers can claim a refund for tax years 2013–2017 by carrying back a net operating loss (NOL) from 2018. 26 U.S.C. § 172(b)(1)(D)(i)(I). To do so,

however, the taxpayer must file amended tax returns for the earlier years(s) within three years of when their 2018 return came due. 26 U.S.C. § 6511(d)(2); *See Kirsh*, 131 F. Supp. 2d at 391–93.

Here, Carter alleges to have experienced a NOL in 2018. And her tax return for 2018 was last due, with extensions, by October 15, 2019. Therefore, to carry back the NOL from 2018 to prior years, Carter had to amend her returns for the prior years within three years of October 15, 2019—that is, by October 15, 2022.

Carter missed this deadline. To date, she has never amended her tax returns for 2013–2017 to carryback a NOL from 2018. As a result, the Court lacks jurisdiction to award any tax refund based on a NOL in 2018. *Dalm*, 494 U.S. at 602. So to the extent Carter's complaint seeks a tax-refund due to the alleged NOL, the Court should also dismiss this claim under Rule 12(b)(1).

**3. In the alternative, the Court should dismiss the amended complaint for failure to state a claim.**

A civil complaint must plead "enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 547 (2007). By contrast, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Carter has not met this pleading standard. For one, she does not provide any facts explaining how the CARES Act caused her business to retroactively experience a NOL in 2018. Nor does Carter plead the dollar amount of this NOL, or the amount of the tax refund she is claiming. Indeed, it is not even clear from the complaint whether Carter is seeking a tax refund for 2013–2017, or just 2018. And she would have to plead a refund claim for those prior years to benefit from any NOL experienced in 2018. The Court should therefore, in the alternative, dismiss the complaint for failure to state a claim under Rule 12(b)(6).

Furthermore, the Court should deny leave to amend as futile, because no amendment could cure the jurisdictional defect explained above. *See Missouri ex rel. Koster v. Harris*, 847

F.3d 646, 655–56 (9th Cir. 2017) (explaining that a district court properly denied leave to amend because it would lack jurisdiction over the amended complaint).

## Conclusion

For these reasons, the Court should dismiss the complaint for lack of jurisdiction under Rule 12(b)(1) or, alternately, failure to state a claim under Rule 12(b)(6). The Court should additionally deny leave to amend as futile.

Respectfully submitted May 6, 2026.

BRETT A. SHUMATE
Assistant Attorney General

JOSHUA WU
Deputy Assistant Attorney General, Tax Litigation Branch

*/s/ Matt Uhalde*
MATTHEW UHALDE
Trial Attorney
United States Department of Justice

**Certificate of Service**

I certify that on May 6, 2026, I filed this document via CM/ECF. In addition, I am mailing the foregoing to the following:

Elizabeth Carter
3808 Mountain View Dr
Boise, Idaho 83704

*/s/ Matt Uhalde*
MATTHEW UHALDE
Trial Attorney
United States Department of Justice
