# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

ELIZABETH CARTER,

Plaintiff, Pro Se,

v. Case No. 1:26-CV-00045-BLW

UNITED STATES OF AMERICA,

Defendant.

## SECOND AMENDED COMPLAINT FOR REFUND OF FEDERAL INCOME TAXES (28 U.S.C. § 1346(a)(1))

## I. JURISDICTION AND VENUE

This Court has jurisdiction pursuant to 28 U.S.C. § 1346(a)(1). Plaintiff has fully paid the federal income tax assessed for tax year 2018. Plaintiff filed an administrative claim for refund with the Internal Revenue Service, which was disallowed. Plaintiff exhausted administrative remedies through IRS Appeals, which sustained the disallowance on December 29, 2025 without addressing 26 U.S.C. § 6511(d). The IRS Appeals Office confirmed Plaintiff could pursue her claim in United States District Court. Plaintiff filed the instant action on January 26, 2026. Venue is proper pursuant to 28 U.S.C. § 1402(a)(1).

## II. PARTIES

Plaintiff Elizabeth Carter is an individual taxpayer residing at 3808 Mountain View Drive, Boise, Idaho 83704. Defendant United States of America acts through the Internal Revenue Service.

## III. FACTUAL ALLEGATIONS

### A. The 2018 Return and Preparer Errors

Plaintiff filed her original 2018 federal income tax return on May 22, 2019, reporting $137,853 in taxable income and paying $18,524 in federal income taxes. Plaintiff's original 2018 return contained two material preparer errors: (1) omission of $4,289 of short-term rental income from Schedule E; and (2) failure to apply the correct placed-in-service date of January 1, 2018 on Form 4562, resulting in $255,603 less in bonus depreciation than Plaintiff was entitled to claim. These errors were the preparer's, not Plaintiff's, and were not apparent from a facial review of the return. Together these errors produced a $325,455 variance in Plaintiff's taxable income.

Plaintiff's short-term rental property at 3808 N. Mountain View Drive, Boise, Idaho was placed in service on January 1, 2018. Plaintiff has documentary evidence of 2018 STR business activity including a carpet cleaning receipt dated September 13, 2018. Plaintiff is currently an Airbnb Superhost with over 80 verified reviews.

### B. The 2021 Cost Segregation Study and Cascading Error

In 2021, Plaintiff retained Karla Dennis and Associates, Inc. to conduct a cost segregation study. The study incorrectly listed the property's placed-in-service date as January 1, 2021 rather than January 1, 2018, compounding the original preparer error. Plaintiff's 2021 federal return, filed October 15, 2022, applied the cost segregation study to the property and reported STR income, placing the IRS on constructive notice of the factual basis for a carryback refund claim — constituting an informal claim under United States v. Kales, 314 U.S. 186 (1941) — within the § 6511(d)(2) limitations window.

## C. The CARES Act NOL Carryback

In March 2020, Congress enacted the CARES Act, Pub. L. No. 116-136, § 2303, 134 Stat. 281, 356-365 (2020), restoring a five-year carryback period for NOLs arising in taxable years beginning after December 31, 2017 and before January 1, 2021. 26 U.S.C. § 172(b)(1)(D). Congress enacted this provision specifically to 'provide taxpayers with liquidity in the form of tax refunds.' JCT Report, JCX-12R-20, at 52 (Apr. 23, 2020). As Thompson Coburn LLP confirmed: 'The carryback of an NOL entitles a taxpayer to a tax refund, even if the earlier year is closed by the applicable statute of limitations.' Thompson Coburn LLP, Effect of COVID-19 Tax Legislation on NOL Carryforwards and Carrybacks (Apr. 21, 2020). The CARES Act carryback provisions apply to taxable years 'beginning before, on, or after' December 31, 2017 to which 2018 NOLs are carried. JCT Report at 55. Once Plaintiff's 2018 income is correctly stated, her business activities generate a net operating loss of $187,602 eligible for carryback to tax years 2013 through 2017.

## D. Discovery and Amendment

On December 6, 2023, Thomas Jay South, CPA, CFF, a forensic accounting expert with over 40 years of experience, 260 litigation engagements, and 44 court appearances, conducted a forensic review of Plaintiff's complete tax history and identified both cascading preparer errors for the first time. On February 7, 2024 — 63 days after discovery — Plaintiff filed Form 1040-X. Plaintiff's Explanation of Changes states: 'The tax preparer mistakenly errored and left out rental income of $4,289.00 for 2018.' The corrected return reflects a net operating loss of $187,602, confirmed by Defendant's own certified account transcript.

The IRS disallowed Plaintiff's claim on April 8, 2024 without citing any specific statutory provision and without addressing § 6511(d). IRS Appeals sustained the disallowance on December 29, 2025, likewise without addressing § 6511(d).

## IV. LEGAL CLAIMS

Count I — Refund of 2018 Overpayment (Springfield Doctrine): Plaintiff is entitled to correct computation of her 2018 taxable income reflecting a net operating loss of $187,602 and a refund of $18,524 in taxes paid on incorrect income. Springfield Street Railway Co. v. United States, 312 F.2d 754 (Ct. Cl. 1963); Rev. Rul. 56-285.

Count II — Refund Under 26 U.S.C. § 6511(d)(2): Plaintiff's claim is timely under § 6511(d)(2), which operates 'in lieu of' § 6511(a) for NOL carryback claims and which Congress designed as the procedural mechanism to open otherwise closed years for carryback refunds. Journal of Accountancy, Carrying Back Net Operating Losses (Aug. 2011).

Count III — Carryback Refunds for Tax Years 2013-2017: Plaintiff's 2018 NOL of $187,602, carried back pursuant to § 172(b)(1)(D) and CARES Act § 2303, generated overpayments in tax years 2013 through 2017, the precise amounts of which will be determined through examination of Plaintiff's returns for those years. Congress expressly intended these refunds. JCT Report at 52. Thompson Coburn LLP, Apr. 21, 2020.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Enter judgment in favor of Plaintiff;

B. Declare that Plaintiff's correct 2018 taxable income reflects a net operating loss of $187,602 and order refund of $18,524 in overpaid 2018 federal income taxes with statutory interest under 26 U.S.C. § 6611;

C. Order the Internal Revenue Service to (a) accept Plaintiff's corrected 2018 taxable income; (b) compute the correct carryback of the $187,602 NOL to tax years 2013 through 2017 under 26 U.S.C. § 172(b)(1)(D) and CARES Act § 2303; and (c) issue refunds for any resulting overpayments with statutory interest under 26 U.S.C. § 6611;

D. Award Plaintiff costs of this suit; and

E. Grant such other relief as the Court deems just and proper.


Respectfully submitted,


Elizabeth Carter

Plaintiff, Pro Se

3808 Mountain View Dr

Boise, Idaho 83704

(208) 867-7682

Date: _Elizabeth Carter_ 6/3/26