# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

U.S. COURTS

JUN 2 2 2026

Rcvd_____Filed_____Time_____
STEPHEN W. KENYON
CLERK, DISTRICT OF IDAHO

ELIZABETH CARTER,

Plaintiff, Pro Se,

v. Case No. 1:26-CV-00045-BLW

UNITED STATES OF AMERICA,

Defendant.

## PLAINTIFF'S MOTION FOR LEAVE TO FILE SUR-REPLY AND PROPOSED SUR-REPLY TO DEFENDANT'S REPLY BRIEF

## MOTION FOR LEAVE TO FILE SUR-REPLY

Plaintiff Elizabeth Carter respectfully moves this Court for leave to file the attached sur-reply in response to Defendant's Reply Brief filed June 10, 2026. Leave is warranted for three independent reasons.

First, Defendant's reply cited Libitzky v. United States, 110 F.4th 1166 (9th Cir. 2024), for the first time. This 2024 Ninth Circuit decision was issued after Plaintiff filed her opposition and Plaintiff had no opportunity to address it. Courts routinely grant leave to file a sur-reply when a party raises new authority for the first time in a reply brief.

Second, Defendant's reply addressed 26 U.S.C. § 6511(d)(2) for the first time. Defendant's original Motion to Dismiss did not analyze § 6511(d)(2) at all. Plaintiff requires an opportunity to respond to this new statutory analysis, which omits critical language that materially affects the timeliness question.

Third, Defendant's reply omits the phrase 'including extensions thereof' from its analysis of § 6511(d)(2) — statutory language that directly establishes the timeliness of Plaintiff's 2021 informal refund claim. Plaintiff requires leave to bring this omission to the Court's attention before the Court rules.

This sur-reply is brief and focused and will materially assist the Court in resolving the central jurisdictional question. Plaintiff respectfully requests that the Court grant this motion.

**PROPOSED SUR-REPLY**

**INTRODUCTION**

Defendant's June 10, 2026 reply raises two issues Plaintiff had no opportunity to address: a 2024 Ninth Circuit decision and a new analysis of 26 U.S.C. § 6511(d)(2). Defendant's § 6511(d)(2) analysis omits the statute's critical language — 'including extensions thereof' — which establishes that Plaintiff's 2021 federal tax return, filed October 15, 2022, was a timely informal refund claim filed on the last day of the correct limitations period. Defendant admitted that October 15, 2022 was the § 6511(d)(2) deadline — but never addressed that Plaintiff's 2021 return was filed on exactly that date. The IRS's own Chief Counsel's Office confirmed that cascading refund claims fall within § 6511(d)(2)'s special period when traceable to an NOL carryback. IRS Chief Counsel Legal Memorandum ILM 202023006 (Mar. 6, 2020). Libitzky is inapplicable — it analyzed § 6511(a), not § 6511(d)(2), and involved taxpayers five years late. The Court should deny the Motion to Dismiss.

# I. UNDER § 6511(d)(2)'S 'INCLUDING EXTENSIONS' LANGUAGE, PLAINTIFF'S 2021 RETURN WAS A TIMELY INFORMAL CLAIM FILED ON THE LAST DAY OF THE CORRECT LIMITATIONS PERIOD.

Defendant's reply correctly identifies October 15, 2022 as the § 6511(d)(2) deadline. (Defendant's Reply at 5.) But Defendant never quotes the statutory language that produces that date — and never addresses that Plaintiff's 2021 return was filed on exactly that date. The full text of § 6511(d)(2) reads:

"If the claim for credit or refund relates to an overpayment attributable to a net operating loss carryback, in lieu of the 3-year period of limitation prescribed in subsection (a), the period shall be that period which ends 3 years after the time prescribed by law for filing the return (including extensions thereof) for the taxable year of the net operating loss." 26 U.S.C. § 6511(d)(2)(A) (emphasis added).

The phrase 'including extensions thereof' is the operative language Defendant omitted. Thomson Reuters confirms: the limitations period runs 'three years after the due date of the return including extensions, for the NOL year.' Thomson Reuters, Amended Return Opportunities: Net Operating Losses (2024) (citing Code Sec. 6511(d)(2)).

Applied to Plaintiff's facts: Plaintiff's 2018 return had an extension filed April 15, 2019, with extended due date of October 15, 2019, confirmed by Defendant's own certified account transcript (Dkt. 13-1). Under § 6511(d)(2), the limitations period ends 3 years after October 15, 2019 — October 15, 2022. Plaintiff's 2021 return was filed on October 15, 2022 — the last day of the § 6511(d)(2) window. Plaintiff's 2021 return was itself filed on extension, reflecting her consistent pattern of timely, compliant filing.

This contrasts with § 6511(a), which through § 6513(a) determines the 'last day prescribed' without regard to extensions. Congress wrote § 6511(d)(2) differently — explicitly

including extensions — because NOL carryback claims arise from complex multi-year situations requiring additional time. Defendant acknowledged October 15, 2022 as the deadline but never connected that to Plaintiff's 2021 filing on that exact date.

## II. LIBITZKY IS INAPPLICABLE — IT ANALYZED § 6511(a), NOT § 6511(d)(2)'S DIFFERENT EXTENSION FRAMEWORK, AND INVOLVED TAXPAYERS WHO WERE FIVE YEARS LATE.

Defendant cites Libitzky v. United States, 110 F.4th 1166 (9th Cir. 2024). But Libitzky analyzed § 6511(a) — not § 6511(d)(2)'s special NOL carryback period. The Ninth Circuit never addressed § 6511(d)(2)'s 'including extensions thereof' language. A case decided under § 6511(a) does not control the outcome under § 6511(d)(2).

The Libitzkys filed their 2011 tax return nearly five years late — in January 2016 — due to their accountant's negligence. Plaintiff is the opposite: her 2018 extension was properly filed April 15, 2019; her 2018 return was filed within the extension period on May 22, 2019 by a professional CPA; and her 2021 return was filed on extension on October 15, 2022 — the last day of the correct § 6511(d)(2) window. Plaintiff has never missed a filing deadline. Defendant's assertion that 'our tax system depends on timely filings' is correct — and Plaintiff filed every return timely. Libitzky does not apply to a compliant taxpayer whose informal claim was filed on the last day of the correct limitations period.

## III. PLAINTIFF'S 2021 RETURN PROVIDED SUFFICIENT CONSTRUCTIVE NOTICE, THE IRS'S OWN CHIEF COUNSEL CONFIRMS CASCADING REFUND CLAIMS FALL WITHIN § 6511(d)(2), AND DEFENDANT HAS NEVER CHALLENGED THE ACCURACY OF PLAINTIFF'S TAX POSITION.

Defendant argues that because Plaintiff did not personally discover the 2018 omission until December 2023, her 2021 return could not have put the IRS on constructive notice. This conflates two different standards.

What is apparent on the face of a tax return to a trained IRS examiner with access to all prior year returns is categorically different from what is apparent to a lay taxpayer without specialized tax training. The informal claim doctrine measures the government's constructive notice — not the taxpayer's personal understanding. United States v. Kales, 314 U.S. 186 (1941).

Plaintiff is a lay taxpayer without specialized tax training. The cascading errors across multiple preparers, multiple years, cost segregation studies, placed-in-service dates, and depreciation schedules required professional forensic accounting to unravel — as Defendant acknowledged by accepting the errors were 'not apparent on the face of the return.' An IRS examiner reviewing Plaintiff's 2021 return alongside her 2018 return would have seen immediately: the same STR property, a cost segregation study applied to it, depreciation claimed for 2021 — and no cost segregation depreciation claimed for 2018. That cross-year connection is precisely what IRS examiners are trained to perform. The informal claim doctrine asks what the government could have discovered — not what the taxpayer personally understood.

The IRS's own Chief Counsel confirmed that cascading refund claims fall within § 6511(d)(2)'s special period. In ILM 202023006, the IRS concluded that any overpayment traceable 'through a chain of causation arising from' an NOL carryback is 'attributable to' the NOL for § 6511(d)(2) purposes. IRS Chief Counsel Legal Memorandum ILM 202023006 (Mar. 6, 2020). The IRS further confirmed that Marshalltown Savings & Loan Assn. v. United States, 92-1 USTC ¶ 50,100 (S.D. Iowa 1991) — cited by Plaintiff in her opposition — correctly applied the originating cause tracing approach. Here Plaintiff's chain is direct:

cascading preparer errors understated the 2018 NOL; CARES permits carryback to 2013-2017; the carryback produces overpayments. Every link traces to the 2018 NOL.

Defendant has never challenged the accuracy of Plaintiff's tax position. Defendant accepted the 2018 return was incorrect, that cascading preparer errors occurred, and that correct 2018 taxable income reflects an NOL of $187,602. Defendant's reply disputes no number Plaintiff presented. The government seeks to retain taxes it concedes were incorrectly assessed, on a timeliness argument premised on the wrong statute and a deadline five months too early. Springfield St. Ry. Co. v. United States, 312 F.2d 754 (Ct. Cl. 1963); JCT Report JCX-12R-20 at 52 (Apr. 23, 2020).

## IV. LEAVE TO AMEND IS NOT FUTILE UNDER THE CORRECT § 6511(d)(2) ANALYSIS.

Defendant argues leave to amend should be denied as futile. But Defendant's futility argument rests on its incorrect § 6511(a) deadline analysis. Under the correct § 6511(d)(2) framework — which explicitly includes extensions — Plaintiff's 2021 informal claim was timely filed on October 15, 2022. A Second Amended Complaint alleging: (1) the April 15, 2019 extension with extended due date October 15, 2019 per Dkt. 13-1; (2) the § 6511(d)(2) window running to October 15, 2022; (3) the 2021 return filed October 15, 2022 as timely informal claim; and (4) the February 2024 Form 1040-X as the perfecting formal claim — would cure the jurisdictional defect. Amendment is not futile. Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

Plaintiff further notes that the IRS's two-year administrative failure — disallowing Plaintiff's claim without citing any statute, sustaining the disallowance through Appeals without citing any statute, and requiring Taxpayer Advocate intervention — directly caused delays in filing amended returns for 2013-2017. A party cannot benefit from delays caused by its own failure to apply the correct statutory framework.

**CONCLUSION**

The text of § 6511(d)(2) is unambiguous: the limitations period ends '3 years after the time prescribed by law for filing the return (including extensions thereof).' Plaintiff's 2018 extension ran to October 15, 2019. Three years = October 15, 2022. Plaintiff's 2021 return was filed on October 15, 2022. Defendant admitted that deadline but never connected it to Plaintiff's 2021 filing. Defendant applied § 6511(a)'s framework to a claim governed by § 6511(d)(2). The IRS's own Chief Counsel confirmed cascading refund claims traceable to an NOL fall within § 6511(d)(2)'s special period. ILM 202023006. What is apparent to a trained IRS examiner differs from what is apparent to a lay taxpayer — the informal claim doctrine measures the government's constructive notice. Plaintiff filed every return timely. Libitzky does not apply. The Motion to Dismiss should be denied.

Respectfully submitted,

Elizabeth Carter

Plaintiff, Pro Se

3808 Mountain View Dr

Boise, Idaho 83704

Date: _6/22/26_

## CERTIFICATE OF SERVICE

I hereby certify that on the date indicated below, I filed the foregoing Motion for Leave to File Sur-Reply with the Clerk of the Court for the United States District Court for the District of Idaho by hand delivery, and caused a copy to be served upon counsel for Defendant by United States certified mail, postage prepaid, addressed to: Matthew Uhalde, Trial Attorney, Tax Division, United States Department of Justice, P.O. Box 683, Washington, D.C. 20044.

Date: _____ 6/22/26

Elizabeth Carter, Plaintiff, Pro Se