**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF IDAHO**

ELIZABETH CARTER,
Plaintiff, Pro Se,
v. Case No. 1:26-CV-00045-BLW
UNITED STATES OF AMERICA,
Defendant.

U.S. COURTS

JUL 24 2026

Rcvd_____Filed_____Time_____
STEPHEN W. KENYON
CLERK, DISTRICT OF IDAHO

## PLAINTIFF'S SECOND NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiff Elizabeth Carter respectfully submits this Second Notice of Supplemental Authority to bring to the Court's attention the complete statutory architecture of 26 U.S.C. § 6511(d)(2) — which reflects Congress's unique and enduring protection for net operating loss carryback claims that distinguishes them from every other category of tax refund claim.

### Section 6511(d)(2)(A) — The Special Extended Limitations Period

Section 6511(d)(2)(A) provides that the period of limitation for claims relating to overpayments attributable to net operating loss carrybacks 'ends 3 years after the time prescribed by law for filing the return — *including extensions thereof*.' This special limitations period — running from the extended due date of the return — is wholly distinct from the general § 6511(a) period the government invokes. Plaintiff's 2018 return was filed on extension with an extended due date of October 15, 2019. Three years from that date is October 15, 2022. Because October 15, 2022 fell on a Saturday, § 7503 extended the deadline to Monday, October 17, 2022 — the date the government's own certified transcript confirms Plaintiff's 2021 return was received. Plaintiff's claim was timely under the plain language of the statute Congress wrote specifically for this purpose.

### Section 6511(d)(2)(B)(i) — The Super Override

Section 6511(d)(2)(B)(i) provides that if allowance of a credit or refund attributable to an NOL carryback is '*otherwise prevented by the operation of any law or rule of law*' — such credit or refund may nevertheless be allowed or made if the claim is filed within the period provided in § 6511(d)(2)(A). Congress explicitly anticipated that other legal provisions might be argued to block NOL carryback refunds — and expressly overrode them. Plaintiff's claim was filed within the § 6511(d)(2)(A) period. The government has not addressed § 6511(d)(2)(B)(i) in any filing before this Court.

### Section 6511(d)(2)(B)(iii)(I) — Court Judgments Are Not Conclusive As To NOL Deductions

Section 6511(d)(2)(B)(iii) provides that determinations by any court — including the Tax Court — in any proceeding where the decision has become final shall be conclusive except with respect to:

*(I) the net operating loss deduction and the effect of such deduction...*

Congress did not merely protect NOL carryback claims from general limitations periods and other blocking laws — Congress exempted *the net operating loss deduction and its effect* from the conclusiveness of even final court judgments. Congress opened what would otherwise be permanently closed — breathing life into tax years long past their ordinary finality — specifically to ensure that taxpayers holding legitimate NOL carryback claims could reach the refunds they are owed.

### The Complete Congressional Architecture

Read together, § 6511(d)(2)(A), § 6511(d)(2)(B)(i), and § 6511(d)(2)(B)(iii)(I) reflect one unambiguous congressional determination: net operating loss carryback claims occupy a unique and specially protected category under federal tax law. Congress extended the limitations period beyond the general rule. Congress overrode any other law that might block the refund. Congress exempted NOL deductions from the finality of court judgments. At every turn, Congress treated these claims differently — because they are different.

The government's reliance on § 6511(a) — the general limitations period — cannot be reconciled with this explicit and comprehensive statutory framework. Plaintiff does not belong in the § 6511(a) bucket. Congress built a separate and protective structure for exactly Plaintiff's claim. That structure confirms what Plaintiff has argued throughout this litigation: her claim is timely, her refund is owed, and the statutory framework Congress designed leads to one conclusion.

Respectfully submitted,

Elizabeth Carter
Plaintiff, Pro Se
3808 Mountain View Dr
Boise, Idaho 83704
Date: 7/24/26

## CERTIFICATE OF SERVICE

I hereby certify that on the date indicated above, I filed the foregoing Notice with the Clerk of the Court for the United States District Court for the District of Idaho by hand delivery, and caused a copy to be served upon counsel for Defendant by United States certified mail, postage prepaid, addressed to: Matthew Uhalde, Trial Attorney, Tax Division, United States Department of Justice, P.O. Box 683, Washington, D.C. 20044.

Date: 7/24/26

Elizabeth Carter, Plaintiff, Pro Se