**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF IDAHO**

ELIZABETH CARTER,
Plaintiff, Pro Se,
v. Case No. 1:26-CV-00045-BLW
UNITED STATES OF AMERICA,
Defendant.

U.S. COURTS

AUG 03 2026

Rcvd_____Filed_____Time_____
STEPHEN W. KENYON
CLERK, DISTRICT OF IDAHO

## PLAINTIFF'S THIRD NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiff Elizabeth Carter respectfully submits this Third Notice of Supplemental Authority to bring to the Court's attention Internal Legal Memorandum 202023006, issued March 6, 2020 by the IRS Office of the Associate Chief Counsel (Procedure & Administration), titled *Cascading Refund Claim Falls Within Special Limitations Period* (attached hereto as Exhibit A). The memorandum directly addresses the statutory question before this Court.

### The Memorandum's Holding

The memorandum addresses whether a refund claim is timely when the overpayment arises from a chain of causation beginning with an NOL carryback. The memorandum concludes:

> "[T]he overpayment is 'attributable to' the NOL for purposes of section 6511(d)(2), and the claim for refund is timely."

The conclusion rests on two grounds. First, the 1945 legislative history of § 6511(d)(2) shows Congress intended 'attributable to' to encompass any overpayment traceable through a chain of causation to an NOL carryback. Second, caselaw interpreting the parallel assessment provision of § 6501(h) — including the Seventh Circuit in First Chicago Corp. v. Commissioner, 742 F.2d 1102 (7th Cir. 1984) — confirms that 'attributable to' permits tracing through a chain of causation to its originating NOL.

### The Memorandum Directly Addresses Plaintiff's Situation

Most significantly, the memorandum explicitly addresses the circumstance where *the general limitations period under § 6511(a) had expired for the overpayment year when the refund claim was filed.* The IRS Chief Counsel nevertheless concluded the claim was timely under § 6511(d)(2) because the overpayment traced through a chain of causation to the NOL carryback.

This describes Plaintiff's situation precisely. The general § 6511(a) period for Plaintiff's 2013 and 2014 overpayment years had expired when Plaintiff filed her informal claim in October 2022. The government argues § 6511(a) bars Plaintiff's claim — the same argument

the IRS Chief Counsel considered and rejected in March 2020. Plaintiff's 2013 and 2014 overpayments trace directly through the $187,602 NOL established in her corrected 2018 return, carried back under the CARES Act's five-year carryback provision. That chain of causation is direct, unbroken, and falls squarely within the tracing approach the IRS's own lawyers confirmed is timely under § 6511(d)(2).

## The Government Has Not Addressed This Authority

The government's Motion to Dismiss and Reply brief do not address ILM 202023006. The Department of Justice cannot maintain before this Court that § 6511(a) bars Plaintiff's claim while the IRS's own Chief Counsel concluded that an identical statutory situation is nevertheless timely under § 6511(d)(2). They are the same government. An argument the government does not answer is an argument the government cannot answer.

Respectfully submitted,

Elizabeth Carter

Plaintiff, Pro Se

3808 Mountain View Dr

Boise, Idaho 83704

Date: 8/3/26

## CERTIFICATE OF SERVICE

I hereby certify that on the date indicated above, I filed the foregoing Notice with the Clerk of the Court for the United States District Court for the District of Idaho by hand delivery, and caused a copy to be served upon counsel for Defendant by United States certified mail, postage prepaid, addressed to: Matthew Uhalde, Trial Attorney, Tax Division, United States Department of Justice, P.O. Box 683, Washington, D.C. 20044. A copy of ILM 202023006 is attached hereto as Exhibit A.

Date: 8/3/26

Elizabeth Carter, Plaintiff, Pro Se