UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ELIZABETH CARTER,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 1:26-cv-00045-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Defendant the United States of America's Motion to Dismiss (Dkt. 13) and Plaintiff Elizabeth Carter's Motion to Amend (Dkt. 17). For the reasons explained below, the Court will grant the United States' motion to dismiss and deny Carter's motion to amend.

## BACKGROUND

Plaintiff Elizabeth Carter is a dentist who, beginning in 2018, earned additional income by renting her house as a short-term rental through Airbnb. In her 2018 federal income tax return, Carter reported taxable income of approximately $137,853. She did not report income generated by the Airbnb rental in her 2018 return, nor did she claim a depreciation deduction associated with the rental property. Carter filed her 2018 tax return on May 22, 2019. The return was

originally due on April 15, 2019, but at Carter's request, the IRS extended her filing deadline to October 15, 2019.[1]

In 2021, Carter commissioned a study on the tax implications of renting her home. The study concluded that she could deduct the property's depreciation from her taxable income during each year that she rented the property, but it incorrectly stated that Carter began renting the house in 2021, rather than 2018. After that study was commissioned, Carter claimed a depreciation deduction on her 2021 tax return, which she filed in October 2022.

In December 2023, Carter again sought professional tax assistance: She retained a forensic accountant to review her prior tax returns. That review led Carter to conclude that she could have claimed depreciation deductions associated with the rental property on her 2018 return. According to Carter's calculation, if those adjustments are made, her 2018 taxable income would change from $137,853 in income to a net operating loss (NOL) of approximately $187,602—meaning that she would be owed a refund for that year. She further alleges that, under the Coronavirus Aid, Relief, and Economic Security ("CARES") Act, the 2018 NOL could have been carried back to prior tax years 2013 through 2017.

---

[1] As discussed below, these dates are relevant to the parties' statute-of-limitations arguments.

On February 7, 2024, shortly after reviewing the forensic accountant's report, Carter filed an amended federal income tax return for 2018. This return included the income generated by the rental, as well as depreciation, with the ultimate result being that she had an NOL of $187,602 during 2018. She sought a refund based on that loss. (Carter did not file amended returns or refund claims for tax years 2013 to 2017). The IRS denied her claim as untimely. Carter pursued an administrative appeal, which was likewise denied. This action ensued. Carter is seeking a refund of federal income taxes for 2013 through 2018.

## LEGAL STANDARD

### A.    Rule 12(b)(1) Motion

The United States has moved to dismiss Carter's complaint under Federal Rule of Civil Procedure 12(b)(1), for lack of subject-matter jurisdiction. A Rule 12(b)(1) motion may present as either a facial or factual attack on jurisdiction. *Safe Air for Everyone v. Meyer,* 373 F.3d 1035, 1039 (9th Cir. 2004). A facial attack accepts the allegations of the complaint as true and contends that they are insufficient to invoke federal jurisdiction. *Id.* A factual attack, by contrast, disputes the truth of the jurisdictional allegations themselves. In resolving a factual attack, the court is not confined to the pleadings and may consider affidavits, declarations, and other evidence properly before the Court. *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989). Here, Defendant brings a factual attack.

MEMORANDUM DECISION AND ORDER - 3

**B.      Motion to Amend**

Under Federal Rule of Civil Procedure 15(a)(2), a court should "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). In determining whether leave to amend should be granted, courts consider several factors, including undue delay, bad faith, repeated failure to cure deficiencies, undue prejudice to the opposing party, and futility of amendment. *Foman v. Davis,* 371 U.S. 178, 182 (1962). Of these factors, prejudice to the opposing party ordinarily carries the greatest weight. *Eminence Capital, LLC v. Aspeon, Inc.,* 316 F.3d 1048, 1052 (9th Cir. 2003). Nonetheless, futility alone may justify denial of leave to amend. *See Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004).

## ANALYSIS

The United States argues that the Court lacks subject-matter jurisdiction over this action because Carter did not file a timely administrative refund claim with the IRS. The Court agrees.

**A.      Carter Did Not Timely File a Refund Claim with the IRS**

Section 7422(a) of the Internal Revenue Code operates as a limited waiver of the United States' sovereign immunity. *See generally Boyd v. United States,* 762 F.2d 1369, 1372 (9th Cir. 1985). It provides that taxpayers must file a refund claim with the IRS before suing "in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, …." 26 U.S.C.

§ 7422(a). Thus, "unless [an administrative] claim for refund of a tax has been filed within the time limits imposed by § 6511(a), a suit for refund . . . may not be maintained in any court." *United States v. Dalm,* 494 U.S. 596, 602 (1990) (citing *United States v. Kales*, 314 U.S. 186, 193 (1941)).

Here, Carter did not seek a refund until February 2024—well after any deadline to file an administrative claim. Backing up, though, the parties dispute *when* Carter was required to file an administrative claim relevant to her 2018 return. The United States relies on the general rule in 26 U.S.C. § 6511(a), which would require Carter to file a refund claim within three years after filing her 2018 return or two years after paying the tax, whichever period expired later. Because Carter filed her 2018 return on May 22, 2019, the United States calculates the deadline for filing a claim as May 22, 2022.

Carter, by contrast, relies on § 6511(d)(2)(A), which supplies a limitations period for claims attributable to an NOL carryback. That subsection measures the three-year period from the due date, including extensions, of the return for the year in which the NOL arose. Because Carter had obtained an extension to file her 2018 return through October 15, 2019, she contends that the limitations period extended through October 15, 2022—or October 17, 2022, because October 15 fell on a Saturday.

MEMORANDUM DECISION AND ORDER - 5

The Court does not need to resolve this dispute to decide the motion to dismiss, because even assuming Carter is correct, she still did not timely file a claim. She did not file her amended 2018 return until February 2024—well after her proposed, October 17, 2022 deadline. Accordingly, Carter's suit could proceed only if some filing made before October 17, 2022, constituted a timely administrative refund claim.

## B.    Carter's 2021 Return Was Not an Informal Refund Claim

Carter argues that her 2021 tax return, filed in October 2022, should be construed as a timely, informal refund claim for 2018. The informal-claim doctrine permits a taxpayer in limited circumstances to perfect a timely but technically deficient refund claim after the limitations period has expired. *See, e.g., Comm'r v. Ewing,* 439 F.3d 1009, 1015 (9th Cir. 2006), *superseded by statute on other grounds as recognized in Christensen v. Comm'r,* 523 F.3d 957, 959 (9th Cir. 2008). Put differently, if a taxpayer submits a timely refund claim with a few minor technical deficiencies, a later, formal claim may cure those defects and it will relate back to the technically deficient "informal" claim. *See Libitzky v. United States*, 110 F.4th 1166, 1173–74 (9th Cir. 2024).

Carter's 2021 return cannot be construed as a timely, informal refund claim for 2018. That return did not fairly advise the IRS that she was seeking a refund for 2018. As alleged, that return reported the short-term-rental activity and claimed

depreciation deductions for tax year 2021. It did not request a refund for 2018, state that the property had been placed in service in 2018, assert that depreciation had been omitted from the 2018 return, identify a 2018 NOL, or claim that any loss should be carried back to an earlier year. Nor did it otherwise communicate that Carter disputed her previously reported liability for 2018. At most, the return disclosed facts relevant to calculating Carter's 2021 tax liability. That is not the same as notifying the IRS that she sought refunds for different tax years.

Carter's allegations reinforce that conclusion. She alleges that she did not discover the error in her 2018 return until December 2023, when a forensic accountant reviewed her prior filings. Thus, when Carter filed the 2021 return in October 2022, she had not yet concluded that she was entitled to additional depreciation in 2018, that those deductions generated an NOL, or that she possessed a refund claim for 2018 or any carryback year. A document cannot reasonably be understood as communicating a claim that, according to the taxpayer's own allegations, she had not yet identified.

Carter characterizes the 2021 return as providing the IRS with "constructive notice" because it disclosed depreciation associated with the same property. But the informal-claim doctrine does not require the IRS to reconstruct a taxpayer's prior returns, identify a potential inconsistency, determine that the taxpayer may have used an incorrect placed-in-service date, calculate an unclaimed deduction for

another year, infer the existence of an NOL, and then further infer that the taxpayer wishes to carry that loss back and recover taxes previously paid. The informal-claim doctrine excuses defects in form or specificity; it does not shift to the IRS the obligation to discover and formulate a refund claim on the taxpayer's behalf. As the Seventh Circuit aptly observed in *BCS Financial Corp. v. United States,* 118 F.3d 522, 525 (7th Cir. 1997), "The Commissioner is not required to act as a detective and to search for clues as to whether the plaintiff might desire tax refunds for the years 1974, 1975, and 1976, solely because the plaintiff had filed claims for tax refunds for the years 1971, 1972, and 1973."

In sum, the Court easily concludes that Carter's 2021 tax return was not a timely, informal refund claim for 2018. The Court has considered each of Carter's additional arguments, as set forth in her sur-reply and her multiple submissions of supplemental authority, in reaching its decision. *See* Dkts. 20, 21, 22, 23. The arguments advanced there are unavailing. None of the cited authorities squarely address the key question presented here, which is whether Carter's 2021 return constituted an administrative refund claim for 2018. And, more broadly, none of these additional arguments convince the Court that it has jurisdiction over this matter. Accordingly, the Court will grant the motion to dismiss.

## C.     Amendment Would Be Futile

The Court will deny Carter's motion to amend her complaint. Carter's

MEMORANDUM DECISION AND ORDER - 8

proposed amended complaint is helpful because it supplies additional facts about the rental property, the depreciation calculations, and the circumstances under which she discovered the alleged errors. But while these allegations may explain why she did not recognize the potential refund sooner, they do not cure the jurisdictional defect. The proposed pleading still establishes that Carter did not file her formal 2018 refund claim until February 2024, did not discover the alleged basis for that claim until December 2023, and never filed refund claims for 2013 through 2017. It identifies no timely written submission that fairly advised the IRS that she sought a refund for any of those years.

Because the proposed amendment would not establish compliance with Internal Revenue Code § 7422(a) and the applicable limitations period, the amended pleading would remain subject to dismissal. Amendment is therefore futile, and leave to amend will be denied.

## ORDER

**IT IS ORDERED that:**

1. Defendant's Motion to Dismiss (Dkt. 13) is **GRANTED.**

2. Plaintiff's Motion for Leave to File Second Amended Complaint (Dkt. 17) is **DENIED**.

3. Plaintiff's Motion for Leave to File Sur-Reply (Dkt. 20) is **GRANTED.**

MEMORANDUM DECISION AND ORDER - 9

4.    The Court will enter judgment separately.

DATED: August 11, 2026

B. Lynn Winmill
U.S. District Court Judge